IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RASHA TALAFHAH,<br><br>             Plaintiff,<br><br>    v.<br><br>ANTHONY RISS, ROMELLE LIPSCOMB, BRADLEY JENKINS, JAMISON BOLYARD, BRITNEY TURNER, BLAEN FLETCHER, ROBERT ALLISON, ELLEN CLAUS, ASHLEE HEINZEL-AWE, and WEXFORD HEALTH SOURCES,<br><br>             Defendants. | |

## COMPLAINT

Plaintiff Rasha Talafhah, through her counsel Uptown People's Law Center, respectfully complains against defendants ANTHONY RISS, ROMELLE LIPSCOMB, BRADLEY JENKINS, JAMISON BOLYARD, BRITNEY TURNER, BLAEN FLETCHER, ROBERT ALLISON, ELLEN CLAUS, ASHLEE HEINZEL-AWE, and WEXFORD HEALTH SOURCES as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

### PARTIES

3. Rasha Talafhah is a 29 year old woman who at all times relevant to this complaint resided in Logan Correctional Center in Lincoln, Illinois.

4. At all times relevant to this complaint, defendants Anthony Riss, Romelle Lipscomb, Bradley Jenkins, Jamison Bolyard, Britney Turner, Blaen Fletcher were corrections officers at Lincoln Correctional Center who, among other duties, were members of the tactical team.

5. At all times relevant to this complaint, defendants Robert Allison, Ellen Claus, and Ashlee Heinzel-Awe worked at Logan Correctional Center as part of the medical staff.

6. At all times relevant to this complaint, defendant Wexford Health Sources was the employer of defendants Allison, Claus, and Heinzel-Awe.

7. At all times relevant to this complaint, all individual defendants were acting under color of law.

8. At all times relevant to this complaint, defendants Alison, Claus, and Heinzel-Awe were acting within the scope of their employment for Wexford Health Sources.

**Facts**

9. On September 22, 2015, plaintiff was housed in a segregation unit at Logan Correctional Center. She was struggling with feelings of overwhelming isolation while in segregation and she reported to correctional staff that she needed to see mental health staff.

10. Sometime later, six tactical teams officers dressed in full riot gear approached plaintiff's cell in order to forcefully extract her from her cell. The officers were defendants Riss, Lipscomb, Jenkins, Bolyard, Turner, and Fletcher (hereinafter "defendant officers"). Upon information and belief, at all times the members of the tactical team had actual knowledge that the reason they were mobilized was because plaintiff was having a mental health crisis and was allegedly in danger of harming herself.

11. The officers ordered plaintiff to "cuff up," which she did. Plaintiff was fully complaint and she did not resist. There was no penological justification for the use of any force in this situation.

12. Nevertheless, the defendant officers used force to compel plaintiff to bend over at an almost 90-degree angle, pressed a plastic shield onto the top of her head, and in this uncomfortable, unbalanced position, forced her to walk backwards from her cell to a shower stall.

13. Once the defendant officers secured plaintiff in the shower stall, defendant Turner strip searched plaintiff. No contraband was found during the strip search.

14. Upon information and belief, Defendant Claus believed that plaintiff had contraband which had not been found during the strip search. Defendant Claus thus asked plaintiff to consent to an internal cavity search of her vagina, but plaintiff refused.

15. Nonconsensual internal cavity searches are extremely traumatic and invasive.

16. IDOC regulations provide that such searches "may only be performed upon the approval of the [Warden], in consultation with the center physician or the Agency Medical Director, and upon consideration of factors including, but not limited to whether the search is medically contraindicated, whether the committed person's health may be endangered if the contraband is not removed, whether alternative means of security the contraband are feasible, and instituitoinal security."

17. Despite these clear directives, no one obtained authorization from the Warden to perform an internal cavity search of plaintiff's vagina. Rather, Defendant Claus and the defendant officers reached an agreement to have plaintiff brought to a medical exam room for a forcible, involuntary search of plaintiff's vagina.

18. The defendant officers then instructed plaintiff to put on a one-piece jumpsuit with no undergarments, and again used force to compel plaintiff to walk bent over at a 90 degree angle, with a shield pressed against her head, backwards, this time down a flight of stairs and into an adjoining wing, where she was lead into a medical exam room.

19. The defendant officers then forced plaintiff onto her back on a table, with her hands still cuffed behind her back. As two of the defendant officers held her arms, two other defendant officers grabbed her legs, forcing them apart.

20. As plaintiff was forcefully held down on the table by the four defendant officers, defendant Robert Allison opened the front of plaintiff's jumpsuit and forced his fingers into plaintiff's vagina.

21. Defendant Heinzel-Awe was present in the exam room and watched the entire encounter,

22. Throughout the encounter in the exam room, plaintiff struggled to close her legs, and screamed several times at the top of her lungs that she was being raped.

23. All of the defendants other than Allison stood by while Allison forced his fingers into plaintiff's vagina. Each of them had an opportunity to intervene to stop the misconduct but failed to do so.

24. Once Allison withdrew his fingers from plaintiff's vagina, the defendants escorted plaintiff to a different cell and placed her on crisis watch.

25. None of the defendants had authority to perform a forced involuntary vaginal search of plaintiff.

26. Within two years of the incident, plaintiff filed a timely grievance pursuant to IDOC grievance procedures, causing the the statute of limitations to be tolled for the entire period that the grievance was pending.

27. Plaintiff was released from IDOC in February 2019.

**Count One – 42 U.S.C. § 1983 (Eighth Amendment)**

28. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

29. In the manner described more fully above, each of the individual defendants violated plaintiff's right to be free from cruel and unusual punishment.

30. The misconduct described in this count was objectively unreasonable and was undertaken with deliberate indifference to plaintiff's rights.

31. As a result of the misconduct described in this count, plaintiff suffered damages, including both physical injury and emotional distress.

**Count Two – State Law Battery**

32. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

33. In the manner described more fully above, defendants Riss, Lipscomb, Jenkins, Bolyard, Turner, Claus and Allison intentionally caused non-consensual physical contact of a harmful and offensive nature to be made to plaintiff.

34. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

### Count Three – Medical Battery

35. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

36. In the manner described more fully above defendant Allison performed a non-consensual medical procedure on plaintiff that was contrary to plaintiff's will.

37. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

### Count Four – Illinois Gender Violence Act (740 ILCS 82/)

38. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

39. In the manner described more fully above, defendants caused a physical invasion of a sexual nature to occur under coercive conditions that satisfy the elements of battery under Illinois law.

40. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

### Count Five – Intentional Infliction of Emotional Distress

41. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

42. In the manner described more fully above, defendants engaged in extreme and outrageous conduct when they subjected plaintiff to a forced involuntary search of her vagina.

43. The misconduct described in this count was rooted in an abuse of power or authority and was undertaken intentionally or with knowledge that there was a high probability

that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

46. As a result of the misconduct described in this count, plaintiff suffered severe emotional distress.

<strong>Count Six – Respondeat Superior</strong>

45. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

46. Defendant Wexford Health Sources was responsible for employing and overseeing defendants Allison, Claus, and Heinzel-Awe.

47. All of the actions and omissions of defendants Allison, Claus, and Heinzel-Awe described in this complaint were done within the scope of their employment by Wexford.

48. Wexford is therefore responsible for the injuries caused by the conduct of defendants Allison, Claus, and Heinzel-Awe under the doctrine of responeat superior.[1]

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against ANTHONY RISS, ROMELLE LIPSCOMB, BRADLEY JENKINS, JAMISON BOLYARD, BRITNEY TURNER, BLAEN FLETCHER, ROBERT ALLISON, ELLEN CLAUS, ASHLEE HEINZEL-AWE, and WEXFORD HEALTH SOURCES awarding compensatory damages, punitive damages, attorneys' fees, and any other relief this Court deems appropriate.

---

[1] Pursuant to Rule 11 of the Federal Rules of Civil Procedure, plaintiff acknowledges that this claim as it pertains to plaintiff's 42 U.S.C. § 1983 claims is not established by existing law, but counsel has a good faith argument for extending existing law, as recognized in *Shields v. Illinois Department of Corrections*, 746 F.3d 782 (7th Cir. 2014).

**Jury Demand**

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                  Respectfully Submitted

`                                              /s/Elizabeth Mazur

*Counsel for Plaintiff*
Alan Mills
Elizabeth Mazur
Nicole Schult
Uptown People's Law Center
4413 N. Sheridan
Chicago, Illinois 60640
(773) 769-1411