045125/19344/JNR/JLH

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

RASHA B. TALAFHAH,

        Plaintiff,

v.

ANTHONY RISS, ROMELLE LIPSCOMB, BRADLEY JENKINS, JAMISON BOLYARD, BRITNEY TURNER, BLAEN FLETCHER, ROBERT ALLISON, ELLEN CLAUS, ASHLEE HEINZEL-AWE, and WEXFORD HEALTH SOURCES, INC.,

        Defendants.

No. 1:19-cv-01065

Judge Harold A. Baker

## ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME the Defendants, ROBERT ALLISON ("Allison), ASHLEE HEINZEL-AWE ("Heinzel-Awe"), and WEXFORD HEALTH SOURCES, INC. ("Wexford"), by their undersigned attorneys, CASSIDAY SCHADE LLP, and hereby submits their Answer to Plaintiff's First Amended Complaint, stating as follows:

### JURISDICTION & VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

**ANSWER:** **Defendants admit subject matter jurisdiction over claims brought pursuant to federal law pursuant to 28 U.S.C. §1331 and §1343(a). Defendants deny the remaining allegations contained within Paragraph 1 of Plaintiff's Amended Complaint.**

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to the claims asserted in this complaint occurred in this judicial district.

**ANSWER:** **Defendants admit that venue is proper in this Court. Further answering, Defendants deny that Plaintiff is entitled to any relief whatsoever.**

## PARTIES

3. Rasha Talafhah is a 29 year old woman who at all times relevant to this complaint resided in Logan Correctional Center in Lincoln, Illinois.

**ANSWER:** Defendants admit Plaintiff was an inmate within the Illinois Department of Corrections from January 31, 2013 until her release on parole on February 7, 2019. Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 3 of Plaintiff's Amended Complaint.

4. At all times relevant to this complaint, defendants Anthony Riss, Romelle Lipscomb, Bradley Jenkins, Jamison Bolyard, Brittney Turner, and Blaen Fletcher were correctional officers at Lincoln Correctional Center who, among other duties, were members of the tactical team.

**ANSWER:** Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 4 of Plaintiff's Amended Complaint.

5. At all times relevant to this complaint, defendants Robert Allison, Ellen Claus, and Ashlee Heinzel-Awe worked at Logan Correctional Center as part of the medical staff.

**ANSWER:** Defendants Allison and Wexford admit that Allison has been employed as a physician's assistant/nurse practitioner at Logan Correctional Center since August 9, 2013; Defendant Heinzel-Awe and Wexford admit that Heinzel-Awe has been employed as a registered nurse at Logan Correctional Center since April 7, 2015. Defendants deny Defendant Claus was employed by Wexford at the relevant time.

6. At all times relevant to this complaint, defendant Wexford Health Sources was the employer of defendants Allison, Claus, and Heinzel-Awe.

**ANSWER:** Defendants Allison and Wexford admit that Allison has been employed as a physician's assistant/nurse practitioner at Logan Correctional Center since August 9, 2013; Defendant Heinzel-Awe and Wexford admit that Heinzel-Awe has been employed as a registered nurse at Logan Correctional Center since April 7, 2015. Defendants deny Defendant Claus was employed by Wexford at the relevant time.

7. At all times relevant to this complaint, all individual defendants were acting under color of law.

**ANSWER: Defendants deny the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint as they pertain to them. However, Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 7 of Plaintiff's Amended Complaint as they pertain to the remaining defendants.**

8. At all times relevant to this complaint, defendants Alison, Claus, and Heinzel-Awe were acting within the scope of their employment for Wexford Health Sources.

**ANSWER: Defendants Allison and Wexford admit that Allison has been employed as a physician's assistant/nurse practitioner at Logan Correctional Center since August 9, 2013; Defendant Heinzel-Awe and Wexford admit that Heinzel-Awe has been employed as a registered nurse at Logan Correctional Center since April 7, 2015; and Wexford admits that Ellen Claus was employed as a registered nurse at Logan Correctional Center from September 21, 2012 until September 30, 2017. Defendants deny the remaining allegations contained within Paragraph 8 of Plaintiff's Amended Complaint. Defendants deny Defendant Claus was employed by Wexford at the relevant time.**

## FACTS

9. On September 22, 2015, plaintiff was housed in a segregation unit at Logan Correctional Center. She was struggling with feelings of overwhelming isolation while in segregation and she reported to correctional staff that she needed to see mental health staff.

**ANSWER: Defendants admit that Plaintiff was admitted to Logan Correctional Center on March 26, 2013. Further answering, Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 9 of Plaintiff's Amended Complaint.**

10. Sometime later, six tactical teams officers dressed in full riot gear approached plaintiff's cell in order to forcefully extract her from her cell. The officers were defendants Riss, Lipscomb, Jenkins, Bolyard, Turner, and Fletcher (hereinafter "defendant officers"). Upon information and belief, at all times the members of the tactical team had actual knowledge that the reason they were mobilized was because plaintiff was having a mental health crisis and was allegedly in danger of harming herself.

**ANSWER:     Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 10 of Plaintiff's Amended Complaint.**

11.     The officers ordered plaintiff to "cuff up," which she did. Plaintiff was fully complaint [sic] and she did not resist. There was no penological justification for the use of any force in this situation.

**ANSWER:     Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 11 of Plaintiff's Amended Complaint.**

12.     Nevertheless, the defendant officers used force to compel plaintiff to bend over at an almost 90-degree angle, pressed a plastic shield onto the top of her head, and in this uncomfortable, unbalanced position, forced her to walk backwards from her cell to a shower stall.

**ANSWER:     Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 12 of Plaintiff's Amended Complaint.**

13.     Once the defendant officers secured plaintiff in the shower stall, defendant Turner strip searched plaintiff. No contraband was found during the strip search.

**ANSWER:     Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 13 of Plaintiff's Amended Complaint.**

14.     Upon information and belief, Defendant Claus believed that plaintiff had contraband which had not been found during the strip search. Defendant Claus thus asked plaintiff to consent to an internal cavity search of her vagina, but plaintiff refused.

**ANSWER:     Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 14 of Plaintiff's Amended Complaint.**

15.     Nonconsensual internal cavity searches are extremely traumatic and invasive.

**ANSWER:    Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 15 of Plaintiff's Amended Complaint.**

16. IDOC regulations provide that such searches "may only be performed upon the approval of the [Warden], in consultation with the center physician or the Agency Medical Director, and upon consideration of factors including, but not limited to whether the search is medically contraindicated, whether the committed person's health may be endangered if the contraband is not removed, whether alternative means of security the contraband are feasible, and institutional security."

**ANSWER:    Defendants deny the allegations contained within Paragraph 16 of Plaintiff's Amended Complaint fully or accurately describe describe or identify IDOC policy sufficient for Defendants to admit or deny this allegation.**

17. Despite these clear directives, no one obtained authorization from the Warden to perform an internal cavity search of plaintiff's vagina. Rather, Defendant Claus and the defendant officers reached an agreement to have plaintiff brought to a medical exam room for a forcible, involuntary search of plaintiff's vagina.

**ANSWER:    Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 17 of Plaintiff's Amended Complaint.**

18. The defendant officers then instructed plaintiff to put on a one-piece jumpsuit with no undergarments, and again used force to compel plaintiff to walk bent over at a 90 degree angle, with a shield pressed against her head, backwards, this time down a flight of stairs and into an adjoining wing, where she was lead into a medical exam room.

**ANSWER:    Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 18 of Plaintiff's Amended Complaint.**

5

19. The defendant officers then forced plaintiff onto her back on a table, with her hands still cuffed behind her back. As two of the defendant officers held her arms, two other defendant officers grabbed her legs, forcing them apart.

**ANSWER: Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 19 of Plaintiff's Amended Complaint.**

20. As plaintiff was forcefully held down on the table by the four defendant officers, defendant Robert Allison opened the front of plaintiff's jumpsuit and forced his fingers into plaintiff's vagina.

**ANSWER: Defendant Allison and Wexford deny the allegations contained within Paragraph 20 of Plaintiff's Amended Complaint. Further answering, Defendants lack information and knowledge upon which to base a belief as to the truth or veracity of the remaining allegations contained within Paragraph 20 of Plaintiff's Amended Complaint.**

21. Defendant Heinzel-Awe was present in the exam room and watched the entire encounter.

**ANSWER: Defendant Heinzel-Awe and Wexford denies the allegations contained within Paragraph 21 of Plaintiff's Amended Complaint.**

22. Throughout the encounter in the exam room, plaintiff struggled to close her legs, and screamed several times at the top of her lungs that she was being raped.

**ANSWER: Defendants Allison, Heinzel-Awe and Wexford admit Plaintiff was combative and screamed she was being raped. Defendants deny the allegations contained within Paragraph 22 of Plaintiff's Amended Complaint.**

23. All of the defendants other than Allison stood by while Allison forced his fingers into plaintiff's vagina. Each of them had an opportunity to intervene to stop the misconduct but failed to do so.

**ANSWER: Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.**

24. Once Allison withdrew his fingers from plaintiff's vagina, the defendants escorted plaintiff to a different cell and placed her on crisis watch.

**ANSWER: Defendant Allison and Wexford deny the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint as they pertain to them. However, Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 24 of Plaintiff's Amended Complaint as they pertain to the remaining defendants.**

25. None of the defendants had authority to perform a forced involuntary vaginal search of plaintiff.

**ANSWER: Defendants deny the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint as they pertain to them and deny performing a forced involuntary vaginal search of Plaintiff. Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 25 of Plaintiff's Amended Complaint as they pertain to the remaining defendants.**

26. None of the defendants had probably cause to perform a forced involuntary vaginal search of Plaintiff.

**ANSWER: Defendants deny performing a forced involuntary vaginal search and therefore deny the allegations contained in Paragraph 26 of Plaintiff's Amended Complaint.**

27. Within two years of the incident, plaintiff filed a timely grievance pursuant to IDOC grievance procedures, causing the statute of limitations to be tolled for the entire period that the grievance was pending.

**ANSWER: Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 27 of Plaintiff's Amended Complaint.**

28. Plaintiff was released from IDOC in February 2019.

**ANSWER: Defendants admit that Plaintiff was released on parole on February 7, 2019.**

**Count One - 42 U.S.C. § 1983 (Eighth Amendment)**

29. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:** **Defendants incorporate their answers to Paragraphs 1-28 as if fully set forth herein.**

30. In the manner described more fully above, each of the individual defendants violated plaintiff's right to be free from cruel and unusual punishment.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 30 of Plaintiff's Amended Complaint.**

31. The misconduct described in this count was objectively unreasonable and was undertaken with deliberate indifference to plaintiff's rights.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 31 of Plaintiff's Amended Complaint.**

32. As a result of the misconduct described in this count, plaintiff suffered damages, including both physical injury and emotional distress.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 32 of Plaintiff's Amended Complaint.**

### Count Two – 42 U.S.C. §1983 (Fourth Amendment)

33. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:** **Defendants Allison and Wexford incorporate their answers to Paragraphs 1-32 as if fully setforth herein.**

34. In the manner described more fully above, each of the individual defendants violated plaintiff's right to be free from an unreasonable search.

**ANSWER:** **Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Amended Complaint.**

35. The misconduct described in this count was objectively unreasonable and was undertaken with deliberate indifference to plaintiff's rights.

**ANSWER:  Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Amended Complaint.**

36. As a result of the misconduct described in this count, plaintiff suffered damages, including both physical injury and emotional distress.

**ANSWER:  Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Amended Complaint.**

### Count Three – State Law Battery

37. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:  Defendants Allison and Wexford incorporate their answers to Paragraphs 1-36 as if fully setforth herein.**

38. In the manner described more fully above, defendants Riss, Lipscomb, Jenkins, Bolyard, Turner, Claus and Allison intentionally caused non-consensual physical contact of a harmful and offensive nature to be made to plaintiff.

**ANSWER:  Defendants Allison and Wexford deny the allegations contained in Paragraph 38 of Plaintiff's Amended Complaint as they pertain to them. However, Defendants lack sufficient information and knowledge upon which to base a belief as to the truth or veracity of the allegations contained within Paragraph 38 of Plaintiff's Amended Complaint as they pertain to the remaining defendants.**

39. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER:  Defendants Allison and Wexford deny the allegations contained within Paragraph 39 of Plaintiff's Amended Complaint.**

### Count Four - Medical Battery

40. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:  Defendants Allison and Wexford incorporate their answers to Paragraphs 1-39 as if fully setforth herein.**

9

41. In the manner described more fully above defendant Allison performed a non-consensual medical procedure on plaintiff that was contrary to plaintiff's will.

**ANSWER:   Defendants Allison and Wexford deny the allegations contained within Paragraph 41 of Plaintiff's Amended Complaint.**

42. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER:   Defendants Allison and Wexford deny the allegations contained within Paragraph 42 of Plaintiff's Amended Complaint.**

### Count Five - Illinois Gender Violence Act (740 ILCS 82/)

43. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:   Defendants incorporate their answers to Paragraphs 1-42 as if fully set forth herein.**

44. In the manner described more fully above, defendants caused a physical invasion of a sexual nature to occur under coercive conditions that satisfy the elements of battery under Illinois law.

**ANSWER:   Defendants deny the allegations contained within Paragraph 44 of Plaintiff's Amended Complaint.**

45. As a result of the misconduct described in this count, plaintiff suffered damages, including but not limited to emotional distress.

**ANSWER:   Defendants deny the allegations contained within Paragraph 45 of Plaintiff's Amended Complaint.**

### Count Six - Intentional Infliction of Emotional Distress

46. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:   Defendants incorporate their answers to Paragraphs 1-45 as if fully setforth**

**herein.**

47. In the manner described more fully above, defendants engaged in extreme and outrageous conduct when they subjected plaintiff to a forced involuntary search of her vagina.

**ANSWER:   Defendants deny the allegations contained within Paragraph 47 of Plaintiff's Amended Complaint.**

48. The misconduct described in this count was rooted in an abuse of power or authority and was undertaken intentionally or with knowledge that there was a high probability that the conduct would inflict severe emotional distress and with reckless disregard of that probability.

**ANSWER:   Defendants deny the allegations contained within Paragraph 48 of Plaintiff's Amended Complaint.**

49. As a result of the misconduct described in this count, plaintiff suffered severe emotional distress.

**ANSWER:   Defendants deny the allegations contained within Paragraph 49 of Plaintiff's Amended Complaint.**

### Count Seven - Respondent Superior

50. Each paragraph of this complaint is incorporated by reference as if restated fully herein.

**ANSWER:   Defendant Wexford incorporates its answers to Paragraphs 1-49 as if fully setforth herein.**

51. Defendant Wexford Health Sources was responsible for employing and overseeing defendants Allison, Claus, and Heinzel-Awe.

**ANSWER:   Defendant Wexford admits that Allison has been employed as a physician's assistant/nurse practitioner at Logan Correctional Center since August 9, 2013; Heinzel-Awe has been employed as a registered nurse at Logan Correctional Center since April 7, 2015; and Ellen Claus was employed as a registered nurse at Logan Correctional Center**

11

**from September 21, 2012 until September 30, 2017. Defendant Wexford denies the remaining allegations contained within Paragraph 51 of Plaintiff's Amended Complaint.**

52. All of the actions and omissions of defendants Allison, Claus, and Heinzel-Awe described in this complaint were done within the scope of their employment by Wexford.

**ANSWER: Defendant Wexford denies the allegations contained within Paragraph 52 of Plaintiff's Amended Complaint.**

53. Wexford is therefore responsible for the injuries caused by the conduct of defendants Allison, Claus, and Heinzel-Awe under the doctrine of respondeat superior.

**ANSWER: Defendant Wexford denies the allegations contained within Paragraph 53 of Plaintiff's Amended Complaint.**

### DEFENDANTS DEMAND TRIAL BY JURY.

WHEREFORE Defendants, ROBERT ALLISON, ASHLEE HEINZEL-AWE, and WEXFORD HEALTH SOURCES, INC., deny Plaintiff RASHA B. TALAFHAH, is entitled to any relief whatsoever, either in law or in equity and pray for judgment in their favor and against Plaintiff RASHA B. TALAFHAH, plus costs.

### AFFIRMATIVE DEFENSES

NOW COME Defendants, ROBERT ALLISON ("Allison"), ASHLEE HEINZEL-AWE ("Heinzel-Awe"), and WEXFORD HEALTH SOURCES, INC. ("Wexford"), by their undersigned attorneys, CASSIDAY SCHADE LLP, and for their Affirmative Defenses to Plaintiff's Amended Complaint state as follows:

<u>Affirmative Defense No. 1.</u>   At all times relevant herein, the Defendants Allison and Heinzel-Awe's duties were limited to those that were delegated to them or that they voluntarily undertook.

<u>Affirmative Defense No. 2.</u>   To the extent any act or omission on the part of the Defendants occurred more than two years prior to the filing of this lawsuit, absent any applicable tolling, the Defendants are entitled to judgment as a matter of law.

<u>Affirmative Defense No. 3.</u>   The proximate cause of Plaintiff's injuries/damages, in whole or in part, was the result of the Plaintiff's own conduct and failure to mitigate damages by exercising ordinary care.

<u>Affirmative Defense No. 4.</u>   To the extent that the Plaintiff has failed to exhaust her administrative remedies, which are available to her through the prison grievance procedure, her claims are barred by 42 U.S.C. §1997E(a).

<u>Affirmative Defense No. 5.</u>   Defendants Allison and Heinzel-Awe are protected by the doctrine of qualified immunity because, at all times relevant herein, the Defendants' actions were taken in good faith based upon their reasonable medical judgment, were objectively reasonable, were not prohibited by clearly established law, and were within the realm of reasonable responses to the circumstances with which they were confronted.[1]

**DEFENDANTS DEMAND TRIAL BY JURY AS TO THESE AFFIRMATIVE DEFENSES.**

Respectfully submitted,

CASSIDAY SCHADE LLP

By:  /s/ Joseph N. Rupcich
Attorneys for Defendants, Robert Allison, Ashlee Heinzel-Awe, and Wexford Health Sources, Inc.

Joseph N. Rupcich (ARDC No. 6283899)
CASSIDAY SCHADE LLP
111 North 6th Street, Suite 200
Springfield, IL 62701

---

[1] Defendants acknowledge in *Estate of Clark v. Walker*, 865 F.3d 544, 550-51 (7th Cir. 2017), the Seventh Circuit rejected qualified immunity for contractual government employees. Defendants Allison and Heinzel-Awe assert this defense to preserve it for appeal.

(312) 739-3267
(217) 572-1613 – Fax
jrupcich@cassiday.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 7, 2019, I electronically filed the foregoing document with the clerk of the court for Central District of Illinois, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Joseph N. Rupcich

9289917